IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RODERICK J. MOELLER, et al.,

    Petitioners,

vs.                                               CASE NO.: 4:03mc7-SPM

MARSHALL R. CASSEDY, JR., et al.,

    Respondents.
_____/

## ORDER AWARDING ATTORNEY FEES

Petitioners Roderick J. Moeller and Donald E. Darden, individually and on behalf of the Donald E. Darden SEP IRA, were prevailing parties at arbitration on a claim for violation of the Florida Securities Act, § 517.301, Fla. Stat. The arbitration award has been confirmed by this Court. Pursuant to section 517.211(6), Florida Statutes, Petitioners are entitled to attorney's fees for the confirmation of the award.[1]

The parties have been unable to agree upon the appropriate amount of the fee award. Petitioners seek an award in the amount of $111,802.07. The amount reflects 148.2 hours at an hourly rate of $301.76, yielding a lodestar of

---

[1] For the underlying arbitration proceeding, however, Petitioners were denied attorney fees. See doc. 41.

$44,720.83 that is then multiplied by 2.5.  Respondent contends that the amount should be reduced on various grounds, which are discussed below.

I.    DISCUSSION

Florida utilizes a lodestar method for determining an appropriate attorney fee award.  <u>Florida Patient's Compensation Fund v. Rowe</u>, 472 So. 2d 1145, 1150 (Fla. 1985).  Under the method, a lodestar figure is computed by multiplying the number of hours reasonably expended in the litigation by a reasonable hourly rate.  <u>Id.</u>  The lodestar figure can then be reduced or enlarged based on the results obtained or the application of a contingency fee risk multiplier.  <u>Id.</u> at 1151.

    A.    **Comparative Excess and Litigating Attorney Fees**

In arguing for a reduction of Petitioners' claimed fees, Respondent complains that the hours expended were excessive compared to the hours expended by his own attorneys.  He also complains that no fees should be awarded for the time spent litigating attorney fees.  Respondent argues alternatively that if some fees are awarded for this time, a reduction should be made for time spent on Petitioners' unsuccessful claim for attorney fees incurred during the arbitration proceeding.

With regard to comparative excess, Respondent identifies some tasks, such as preparing the motion to confirm and responding to the motion to vacate, as taking too much time given the routine nature of the tasks and the expertise of Petitioners' counsel.  The time expended, however, was not beyond the bounds

of reasonableness, especially given the high quality of the work product submitted. Accordingly, no reduction will be made on this ground.

With regard to the hours litigating attorney fees, fees are properly awarded for time spent by Petitioners' attorney in establishing Petitioners' entitlement to fees. Barron Chase Sec. Inc. v. Moser, 794 So. 2d 649, 650 (Fla. 2d Dist. Ct. App. 2001) (fees may be awarded for time spent establishing entitlement to attorney fee, but not for time spent establishing the amount of the attorney fee). A reduction should be made, however, to account for Petitioners' unsuccessful claim for attorney fees incurred during the arbitration proceeding. Hensley v. Eckerhart, 461 U.S. 424, 435 (1983) (hours spent on discrete, unsuccessful claims should be excluded).

Determining the proper reduction is difficult because the successful issue of entitlement to fees for confirmation and the unsuccessful issue of fees for arbitration were presented together in Petitioners' motion for attorney fees and reply, and they involved some overlapping tasks. It is not possible, therefore, to distinguish with precision the time spent on each issue.

According to Respondent, Petitioners devoted a total of 76.7 hours of time litigating the attorney fee issues. The Court finds that a reduction of 38.4 hours, which is approximately half of the time, is appropriate. This reduction gives Respondent the benefit in doubtful areas. In particular, the reduction encompasses some time that would be fully compensable to Petitioners if the time entry for the tasks had been more specific. For example, the tasks in the

entry on May, 17, 2004 for 5.6 hours include the calculation of non-controversial costs. This task is distinct from the issue of entitlement to fees, but is included in the reduction because it was not listed as a separate billing entry.[2]

The reduction, furthermore, favors Respondent because it does not take into account overlapping matters that both entitlement issues had in common, such as the statutory basis for the award. If these overlapping matters are taken into account, the incremental time spent by Petitioners in addressing the unsuccessful issue of entitlement to fees for arbitration is probably less than half of the total time Petitioners spent litigating the attorney fee issue. Thus, the reduction reflects more time than what is actually attributable to the unsuccessful issue of entitlement to fees for arbitration.

**B. Block-billing**

Respondent argues that an additional reduction is appropriate because Petitioners' billing statements inappropriately groups multiple activities under a single billing item. The Eleventh Circuit has said that "the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman v. Housing Auth., 836 F.2d 1292, 1303 (11th Cir. 1988).

While the billing statements in this case could have been more specific, they are sufficient to show that the time claimed by Petitioners is not

---

[2] Similar instances can be found for the billing entries of May 18, 2004 for 7 hours; June 10, 2004 for .8 hours; and June 17, 2004 for 7.5 hours.

unreasonable.  Accordingly, no additional reduction will be made.

### C. Multiplier

Florida law provides for the application of a multiplier on claims for violation of the Florida Securities Act.  Olde Discount Corp. v. Amsel, 800 So. 2d 667, 668 (Pleus, J., concurring and concurring specially).  The Court finds that a 2.5 multiplier is appropriate.

Petitioners in this case were represented on a contingency fee basis for the arbitration proceeding.  The representation continued through this proceeding for confirmation of the arbitration award.  As a whole, the case has been difficult to prosecute and Petitioners' were unlikely to succeed at the outset.  Without an adjustment for risk, it would have been extremely difficult for Petitioners to find counsel to represent them.  Many undesirable aspects about these types of cases have been noted, and they are present in this case.  Among these are: (1) difficulty in proving fraud, (2) relatively small damage awards, (3) rigorous defense, (4) need to proceed to arbitration first, (5) time-consuming process of arbitration, (6) dearth of qualified attorneys, and (7) need for large outlays of costs.  Id.  Based on the foregoing, application of a 2.5 multiplier is warranted.

## II. CONCLUSION

Petitioners are entitled to an award of attorney fees for 109.8 hours[3] at a rate of $301.76 per hour.  The hourly rate is reasonable and does not exceed the

---

[3] 148.2 total hours minus 38.4 hours attributed to unsuccessful claim

prevailing market rate.

The number of hours reflects a reasonable amount of time for Petitioners' attorney to litigate the arbitration award confirmation proceeding. The attorney time records are sufficiently detailed and there are no time entries that are excessive. An appropriate reduction has been made for Petitioners' unsuccessful claim.

Petitioners are entitled to a 2.5 contingency fee risk multiplier. Applying the 2.5 contingency fee risk multiplier to the lodestar, $33,133.25 (109.8 x $301.76), yields a result of $82,833.13. Based on the forgoing, it is

ORDERED AND ADJUDGED:

1. The clerk shall enter judgment directing Respondent Cassedy to pay to Petitioners the amount of $82,833.13 as the Petitioners' prevailing parties' attorneys' fees pursuant to Florida Statutes, Section 517.211(6).

2. Interest on the judgment shall run from March 15, 2005, which is the date of the order (doc. 41) declaring Petitioners' entitlement to an award of attorneys' fees.

DONE AND ORDERED this 8th day of May, 2005.

FOR ALL WHICH LET EXECUTION ISSUE.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge